Bryan Banks
Utah Bar No. 15992
BBanks@perkinscoie.com
PERKINS COIE LLP
2525 E Camelback Road, Suite 500
Phoenix, AZ 85016-4227
United States
Telephone: 602.351.8000
Facsimile: 602.648.7000

John D. Esterhay
CA Bar No. 282330 (pro hac vice forthcoming)
JEsterhay@perkinscoie.com
Wei Yuan
CA Bar No. 315388 (pro hac vice forthcoming)
WYuan@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, California 92130-2080
Telephone: 858.720.5700
Facsimile: 858.720.5799

*Attorneys for Plaintiff*
*Shenzhen Dongjian Fangzhou Technology Co., Ltd.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SHENZHEN DONGJIAN FANGZHOU TECHNOLOGY CO., LTD., Plaintiff,<br><br>v.<br><br>FELTRIGHT, LLC, Defendant. | Case No. 2:26-cv-00476<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Shenzhen Dongjian Fangzhou Technology Co., Ltd. ("Dongjian") seeks a declaration that Dongjian does not directly or indirectly infringe United States Patent No. 12,486,674 ("the '674 Patent"), either literally or under the doctrine of equivalents, and in support of its Complaint alleges as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment of noninfringement arising under the patent laws of the United States, Title 35 of the United States Code. Dongjian seeks this relief because Defendant FeltRight, LLC ("FeltRight") has accused Dongjian of infringing the '674 Patent.

2. An immediate, real, and justiciable controversy exists between Dongjian and FeltRight as to whether the '674 Patent has been infringed by Dongjian.

3. Dongjian is a seller of decorative felt products marketed under the "Fluxynara" brand, among others, through the Amazon.com Marketplace (the "Dongjian Products").

4. FeltRight through its prior actions and statements has created a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement as to whether the Dongjian Products infringe United States Patent No. 12,486,674 ("the '674 Patent"), which is attached hereto as Exhibit 1.

5. Specifically, beginning in or around May 2026, FeltRight, acting as the assignee and owner of the '674 Patent, lodged at least six separate patent-infringement complaints with Amazon.com, identified by Amazon Complaint IDs 20303990891, 20304048111, 20304151761, 20304180291, 20304376551, and 20304491281, accusing more than two hundred of Dongjian's Fluxynara-branded Amazon Standard Identification Numbers ("ASINs") of infringing the '674 Patent. As a direct result of FeltRight's complaints, Amazon delisted those ASINs from the

Amazon Marketplace, creating a substantial, immediate, and real controversy between the parties. This action is necessary to resolve the controversy created by FeltRight's accusations. Dongjian brings this action to obtain a declaratory judgment that Dongjian does not infringe at least the claims of the '674 Patent identified below, directly or indirectly, literally or under the doctrine of equivalents.

## THE PARTIES

6.      Shenzhen Dongjian Fangzhou Technology Co., Ltd. is a company organized and existing under the laws of the People's Republic of China having an address at Building 5, Tower B, Unit 24D, Junsheng Xilong Shan Garden, No. 1002 Longgang Avenue (Pingdi Section), Pingxi Community, Pingdi Subdistrict, Longgang District, Shenzhen, Guangdong, China.

7.      On information and belief, FeltRight is a Utah limited liability company with its principal place of business at 12094 Life Science Court, Suite 500, Draper, Utah 84020 (Utah Entity No. 11607159-0160). FeltRight's registered agent for service of process in Utah is Raymond Talley Goodson, 12094 Life Science Court, Suite 500, Draper, Utah 84020.

## JURISDICTION AND VENUE

8.      This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 2201(a) because the claim arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. This Court has supplemental jurisdiction over Dongjian's state-law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy and derive from a common nucleus of operative fact as Dongjian's claims for declaratory judgment.

9.      As set forth in greater detail below, an actual, substantial, and continuing case or controversy of sufficient immediacy and reality exists between Dongjian and FeltRight to warrant the issuance of a declaratory judgment. FeltRight has affirmatively asserted the '674 Patent against the Dongjian Products through the Amazon.com patent-infringement enforcement process, which has resulted in the delisting of more than two hundred of Dongjian's ASINs and ongoing injury to Dongjian's business. Dongjian has an objectively reasonable apprehension that FeltRight will continue to enforce, and may bring suit on, the '674 Patent against Dongjian and the Dongjian Products.

10.     This Court has personal jurisdiction over FeltRight because FeltRight is a Utah limited liability company with its principal place of business in Draper, Utah, and is at home in this District.

11.     Venue is proper in the District of Utah, Central Division, under 28 U.S.C. § 1391(b)(1) and (c)(2) because FeltRight resides in this District and is subject to personal jurisdiction in this District. Venue is further proper because a substantial part of the events giving rise to the claim—including FeltRight's enforcement activities directed at Dongjian's Amazon listings, undertaken from FeltRight's Utah principal place of business and through Utah-based counsel—occurred in this District.

**THE '674 PATENT**

12.     On December 2, 2025, the U.S. Patent and Trademark Office issued U.S. Patent No. 12,486,674 ("the '674 Patent"), titled "Felt Tiles and Tile Kits," to assignee FeltRight, LLC. A true and correct copy of the '674 Patent is attached to this Complaint as Exhibit 1. The '674 Patent issued from U.S. Application No. 18/445,670, filed May 5, 2021. Upon further information and belief, FeltRight, LLC purports to hold by assignment and/or by license all substantive rights to assert the '674 Patent.

13.     On information and belief, Talley Goodson assigned the entire right, title, and interest in the alleged invention disclosed and claimed in the '674 Patent—and in U.S. Application No. 18/445,670—to FeltRight, LLC. A true and correct copy of the recorded Assignment is attached hereto as Exhibit 2.

14.     On information and belief, FeltRight appears to be the current assignee of the '674 Patent.

15.     The '674 Patent contains a total of fifteen (15) claims. Claim 1 is the only independent claim. Claim 1 is directed to a "tile" having a rigid body made of felt, and recites numerous structural limitations, including, among others: that the rigid body has parallel top and bottom surfaces; that the bottom surface "is configured to be attached to a substantially flat surface"; that "an area of the top surface is smaller than an area of the bottom surface"; that "the thickness is no greater than 1 inch"; that "the top surface and the bottom surface are geometrically similar, with the top surface being smaller than the bottom surface"; and that the rigid body "comprises a plurality of side surfaces extending from the top surface to the bottom surface," "consisting of" (i) a first set of side surfaces each "directly connected to the top surface" and "not perpendicular to the top surface or the bottom surface," "disposed around all

5

sides of a perimeter of the top surface," and (ii) a second set of side surfaces each "directly connected to the bottom surface" and "perpendicular to the top surface," "disposed around all sides of a perimeter of the bottom surface," with each side surface of the second set "directly connected to a corresponding side surface of the first set of side surfaces to form chamfered edges." *See* Ex. 1, claim 1.

**DONGJIAN'S PRODUCTS AND FELTRIGHT'S ENFORCEMENT THROUGH AMAZON**

16.     Dongjian designs, sources, markets, and sells the Dongjian Products to United States consumers through the Amazon.com Marketplace. The Amazon Marketplace is one of Dongjian's primary sales channels into the United States.

17.     On information and belief, FeltRight has used and continues to use Amazon.com's intellectual-property complaint and enforcement systems—including Amazon's online infringement-reporting form and the Brand Registry "Report a Violation" portal—to assert the '674 Patent against the Dongjian Products.

18.     Beginning in or about May 2026, Amazon issued a series of "Notice: Policy Warning" communications to Dongjian (the "Amazon Performance Notifications") informing Dongjian that Amazon had removed Dongjian's listings based on patent-infringement reports submitted by "Felt Right" (rights-owner email: bfrandsen@wnlaw.com), each identifying "IP asserted: 12486674" and a Complaint ID. True and correct copies of the Amazon Performance Notifications are attached hereto as Exhibit 3. Among the Complaint IDs FeltRight submitted to Amazon asserting infringement of the '674 Patent against the Dongjian Products are at least:

  a. Complaint ID 20303990891;

  b. Complaint ID 20304048111;

  c. Complaint ID 20304151761;

6

d.   Complaint ID 20304180291;

e.   Complaint ID 20304376551; and

f.   Complaint ID 20304491281.

19.     The listings identified in each of the Amazon Performance Notifications remain delisted as of the filing of this Complaint.

20.     Dongjian has confirmed, through Amazon's Seller Support communications, that approximately 225 of Dongjian's product links have been affected by the FeltRight patent infringement complaints, including (without limitation) ASINs B0FGQF43D4, B0FT8BD7HR, and B0F52R423Y. A true and correct copy of the relevant Amazon Support communication, dated May 15, 2026, is attached hereto as Exhibit 4.

21.     The Dongjian Products that FeltRight has caused Amazon to delist (the "Delisted Dongjian Products") include, but are not limited to, each of the ASINs listed below, each delisted in connection with the FeltRight Complaint ID identified next to it:

| ASIN | FeltRight Complaint ID |
|---|---|
| B0F52H14LQ | 20304491281 |
| B0F52WBXFY | 20304491281 |
| B0FT8D14PP | 20304491281 |
| B0FJS6G345 | 20304491281 |
| B0FT7XKVGJ | 20304491281 |
| B0FM76Z77W | 20304491281 |
| B0F52SHPX6 | 20304491281 |
| B0FLK5Q9W5 | 20304491281 |
| B0FT8C9SR2 | 20304491281 |
| **B0F52S62BD** | **20304491281** |
| B0F52H2FC3 | 20304491281 |
| B0F52WR1MC | 20304491281 |
| B0FT7LZT2B | 20304491281 |
| B0F537RPZV | 20304491281 |
| B0FT7PDFCK | 20304491281 |
| B0FT7NRX7Y | 20304491281 |
| B0F52LVGZN | 20304491281 |
| B0FT7L6SKY | 20304491281 |
| B0FT8JXMPF | 20304491281 |

7

| ASIN | FeltRight Complaint ID |
|---|---|
| B0FT7Z93K4 | 20304491281 |
| B0FLK56SFZ | 20304491281 |
| B0FT7TY6L2 | 20304491281 |
| B0F52G497D | 20304491281 |
| B0FM77SSJM | 20304491281 |
| B0G1YFLVKS | 20304491281 |
| B0F52HPHYZ | 20304491281 |
| B0F52J2L23 | 20304491281 |
| B0FHWT4MKY | 20304491281 |
| B0FHVPZ9BF | 20304491281 |
| B0FHWTBCDD | 20304491281 |
| B0FHWNS8RN | 20304491281 |
| B0FHWQ3MT1 | 20304491281 |
| B0FHVRH8LP | 20304491281 |
| B0FHWNWGMQ | 20304491281 |
| B0FHWPTV9H | 20304491281 |
| B0FHWNNNZM | 20304491281 |
| B0FHVRDQD5 | 20304491281 |
| B0FHVJ8XXJ | 20304491281 |
| B0FHVZ6T2Y | 20304491281 |
| B0FHTQKDZT | 20304491281 |
| B0FHVDG71N | 20304491281 |
| B0FHVDHVJL | 20304491281 |
| B0FMXG9T41 | 20304376551 |
| B0FMWPRZWS | 20304376551 |
| B0FMXTW6DV | 20304376551 |
| B0FGQ8ZMFV | 20304376551 |
| B0FGQ95PXD | 20304376551 |
| B0FGQBF7FM | 20304376551 |
| B0FGQCPDRF | 20304376551 |
| B0FGQJYBCQ | 20304376551 |
| B0F61XV9S1 | 20304376551 |
| B0F53113FB | 20304376551 |
| B0FJS5TFD6 | 20304376551 |
| B0FGQBMXCR | 20304376551 |
| B0FGQF43D4 | 20304376551 |
| B0FGQBC1Q9 | 20304376551 |
| B0FGQBYRG5 | 20304376551 |
| B0FGQJG1DD | 20304376551 |
| B0FJS2CCCV | 20304376551 |
| B0FGQBJ93X | 20304376551 |
| B0FGQFNLH7 | 20304376551 |
| B0FGQDXFS8 | 20304376551 |
| B0FLK5YKWC | 20304376551 |

| ASIN | FeltRight Complaint ID |
|------|------------------------|
| B0FT7X44DM | 20304376551 |
| B0F52FXFJJ | 20304376551 |
| B0F52L7LXK | 20304376551 |
| B0FT8CG8BH | 20304376551 |
| B0F52VZ3DZ | 20304376551 |
| B0FT8BD7HR | 20304376551 |
| B0FT7YQSK4 | 20304376551 |
| B0FLK6BL3T | 20304376551 |
| B0FT7JD41R | 20304376551 |
| B0F531TR97 | 20304376551 |
| B0G1XP2HMT | 20304376551 |
| B0F52FJY4Q | 20304376551 |
| B0F52W4J15 | 20304376551 |
| B0F52R423Y | 20304376551 |
| B0F52W516M | 20304376551 |
| B0G4WH6T3M | 20304376551 |
| B0GH8CL99R | 20304376551 |
| B0G4WHMLQ5 | 20304376551 |
| B0G4WHWWK4 | 20304376551 |
| B0FH6YBR93 | 20304180291 |
| B0FR9BT876 | 20304180291 |
| B0FH6Y3DLM | 20304180291 |
| B0FH6Y9LQ8 | 20304180291 |
| B0FV7YL2GK | 20304180291 |
| B0FH6XXSSB | 20304180291 |
| B0FR9G6BXH | 20304180291 |
| B0FH6ZTHFR | 20304180291 |
| B0FR9S48BC | 20304180291 |
| B0FR9LQCX5 | 20304180291 |
| B0FV8WQS82 | 20304180291 |
| B0FH6X6XMK | 20304180291 |
| B0FV858FGP | 20304180291 |
| B0FR8XC271 | 20304180291 |
| B0FV7W4VP6 | 20304180291 |
| B0FH9FY5SR | 20304180291 |
| B0FV83HJQV | 20304180291 |
| B0FH6KVGDK | 20304180291 |
| B0FR8XCJVC | 20304180291 |
| B0G58ZRV4S | 20304180291 |
| B0FH6XY7S7 | 20304180291 |
| B0FH6ZTHFX | 20304180291 |
| B0FH6X12DP | 20304180291 |
| B0FH6XPRXF | 20304180291 |
| B0FV82L9F6 | 20304180291 |

| ASIN | FeltRight Complaint ID |
|------|------------------------|
| B0FR9SNGCK | 20304180291 |
| B0FH6XVHCD | 20304180291 |
| B0FR8XBSWF | 20304180291 |
| B0FH6WR325 | 20304180291 |
| B0FV7T5MQ8 | 20304180291 |
| B0FR8XDD5L | 20304180291 |
| B0FH6Z34M6 | 20304180291 |
| B0FHWT95P6 | 20304180291 |
| B0FHQLC9K9 | 20304180291 |
| B0FHWQCN7T | 20304180291 |
| B0FHWC43HP | 20304180291 |
| B0FHWQDXQQ | 20304180291 |
| B0FHWTJM2Z | 20304180291 |
| B0FHWPKR9D | 20304180291 |
| B0FHWNXPZL | 20304180291 |
| B0FHWPYFD4 | 20304180291 |
| B0FHWBRH1Q | 20304180291 |
| B0FHWP6MDD | 20304180291 |
| B0FHVJSHY2 | 20304180291 |
| B0FHVPDN46 | 20304180291 |
| B0FHQBH6VC | 20304180291 |
| B0FR9K7DK4 | 20304151761 |
| B0FH6X3NQQ | 20304151761 |
| B0FH71877V | 20304151761 |
| B0FR8XCLG2 | 20304151761 |
| B0FV7VXBQT | 20304151761 |
| B0FV7WQN5B | 20304151761 |
| B0FH6X85W2 | 20304151761 |
| B0FH6XQPBH | 20304151761 |
| B0FH7121BW | 20304151761 |
| B0FH9F8YJT | 20304151761 |
| B0FV85QXPM | 20304151761 |
| B0F8VDMSPQ | 20304151761 |
| B0F8VKLHFF | 20304151761 |
| B0FR9KY4NY | 20304151761 |
| B0F8VCQR94 | 20304151761 |
| B0FV88P3KQ | 20304151761 |
| B0F8VDX5RQ | 20304151761 |
| B0FV7L2LJG | 20304151761 |
| B0FV8DVZSR | 20304151761 |
| B0FV8WMCW8 | 20304151761 |
| B0F8VF4WPP | 20304151761 |
| B0FR9LCBLK | 20304151761 |
| B0FV8G8622 | 20304151761 |

| ASIN | FeltRight Complaint ID |
|---|---|
| B0FR8XCP94 | 20304151761 |
| B0FR8FJLLM | 20304151761 |
| B0F8VGQLGT | 20304151761 |
| B0FR9LQ293 | 20304151761 |
| B0G59694W6 | 20304151761 |
| B0F8VH82GH | 20304151761 |
| B0F8VH3MX4 | 20304151761 |
| B0FH6ZFGFJ | 20304151761 |
| B0FV853KK4 | 20304151761 |
| B0F8VHTJ2J | 20304151761 |
| B0F8VJT7KD | 20304151761 |
| B0FR9J1WFS | 20304151761 |
| B0F8VHTJ2S | 20304151761 |
| B0FV7L6JRW | 20304151761 |
| B0F8VFQBMB | 20304151761 |
| B0F8VCCFXP | 20304151761 |
| B0FR8XCVBB | 20304151761 |
| B0F8VK19QV | 20304151761 |
| B0FR8FGXBC | 20304151761 |
| B0FV8B853W | 20304151761 |
| B0FR8FG44F | 20304151761 |
| B0F8VGXB2C | 20304151761 |
| B0FR9RY2GQ | 20304151761 |
| B0F8VJ9GC2 | 20304151761 |
| B0FM74D2QQ | 20304151761 |
| B0F8VFTGCG | 20304151761 |
| B0FR9G519Y | 20304048111 |
| B0F8VC7F8H | 20304048111 |
| B0FLK3YKX4 | 20303990891 |
| B0FT7QLLZB | 20303990891 |
| B0F528BX4L | 20303990891 |
| B0F52P8BKN | 20303990891 |
| B0FT8G8RCP | 20303990891 |
| B0F527QXS1 | 20303990891 |
| B0FT7PCFT3 | 20303990891 |
| B0FT8K86GK | 20303990891 |
| B0FLK72ZCH | 20303990891 |
| B0FT7P3KL1 | 20303990891 |
| B0F52TX13W | 20303990891 |
| B0G1YB3MXW | 20303990891 |
| B0F52KCC59 | 20303990891 |
| B0F5343CBQ | 20303990891 |
| B0FT7M7NGF | 20303990891 |
| B0F5316LPW | 20303990891 |

| ASIN | FeltRight Complaint ID |
|---|---|
| B0FT8NDYTG | 20303990891 |
| B0FT7YMFSH | 20303990891 |
| B0FM79RHQG | 20303990891 |
| B0F52FJMGK | 20303990891 |
| B0FLK5F5LN | 20303990891 |
| B0FT7L6SKZ | 20303990891 |
| B0F52J2L24 | 20303990891 |
| B0F52SVGMN | 20303990891 |
| B0F537TYS8 | 20303990891 |
| B0FT7XJCXR | 20303990891 |
| B0F527MHCX | 20303990891 |
| B0FT7YCNTN | 20303990891 |
| B0FT7YV472 | 20303990891 |
| B0F52RRDYL | 20303990891 |
| B0FT7M8PYR | 20303990891 |
| B0FT7QR4X5 | 20303990891 |
| B0FLK67FHZ | 20303990891 |
| B0FT8LBLRC | 20303990891 |
| B0F52K3F63 | 20303990891 |
| B0FM715CS8 | 20303990891 |
| B0G1XP5LF6 | 20303990891 |
| B0F52V86HH | 20303990891 |
| B0F52KY3BB | 20303990891 |
| B0FKTFQ2XS | 20303990891 |
| B0FK9SCMDW | 20303990891 |
| B0FK9N5LJH | 20303990891 |
| B0FK9TWXL8 | 20303990891 |
| B0FKB4ZLXX | 20303990891 |
| B0FK9S3XXQ | 20303990891 |
| B0FKB2438Z | 20303990891 |

22.     The exemplary accused product identified herein is the Dongjian Product sold under ASIN B0F52S62BD (the "Exemplary Product"). The Exemplary Product is representative of the Delisted Dongjian Products with respect to the structural features relevant to the limitations of claim 1 of the '674 Patent.

23.     As a direct and proximate result of FeltRight's submissions to Amazon under each of the foregoing Complaint IDs, Amazon delisted the Delisted Dongjian Products from the

Amazon.com Marketplace, where they remain delisted as of the filing of this Complaint, causing Dongjian continuing and substantial economic harm.

24.     By virtue of FeltRight's repeated and ongoing assertions of the '674 Patent against the Dongjian Products through the Amazon enforcement process, and the resulting delisting of more than two hundred of Dongjian's ASINs, an actual, substantial, and continuing case or controversy of sufficient immediacy and reality exists between Dongjian and FeltRight as to whether the Dongjian Products, including the Delisted Dongjian Products, infringe any claim of the '674 Patent.

## COUNT I
### (Non-Infringement of the '674 Patent)

25.     Dongjian incorporates by reference the preceding allegations of this Complaint.

26.     Dongjian has not infringed and does not infringe at least claim 1 of the '674 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including through its making, use, sale or offer for sale in, or importation into the United States of the Delisted Dongjian Products, including the Exemplary Product (ASIN B0F52S62BD).

27.     The Delisted Dongjian Products, including the Exemplary Product, also do not perform substantially the same function, in substantially the same way, to obtain substantially the same result as claim 1 of the '674 Patent.

28.     By way of example, claim 1 of the '674 Patent is directed to a tile having a rigid body made of felt and recites numerous structural limitations, including, among others: that the rigid body has a top surface and a bottom surface that are parallel to each other; that the bottom surface "is configured to be attached to a substantially flat surface"; that "an area of the top surface is smaller than an area of the bottom surface"; that "the thickness is no greater than 1 inch"; that "the top surface and the bottom surface are geometrically similar, with the top surface

13

being smaller than the bottom surface"; and that the rigid body "comprises a plurality of side surfaces extending from the top surface to the bottom surface, the plurality of side surfaces consisting of: a first set of side surfaces, each side surface of the first set of side surfaces being directly connected to the top surface, each side surface of the first set of side surfaces being not perpendicular to the top surface or the bottom surface, wherein the first set of side surfaces is disposed around all sides of a perimeter of the top surface; and a second set of side surfaces, each side surface of the second set of side surfaces being directly connected to the bottom surface, each side surface of the second set of side surfaces being perpendicular to the top surface, wherein the second set of side surfaces is disposed around all sides of a perimeter of the bottom surface, each side surface of the second set of side surfaces being directly connected to a corresponding side surface of the first set of side surfaces to form chamfered edges." *See* Ex. 1, claim 1. The Delisted Dongjian Products do not infringe claim 1, at least because they do not practice these claim limitations.

29.    For example, as illustrated in the photos of the Exemplary Product below, the Delisted Dongjian Products do not include at least, either literally or under the doctrine of equivalents: the plurality of side surfaces consisting of: a first set of side surfaces, each side surface of the first set of side surfaces being directly connected to the top surface, each side surface of the first set of side surfaces being not perpendicular to the top surface or the bottom surface, wherein the first set of side surfaces is disposed around all sides of a perimeter of the top surface; and a second set of side surfaces, each side surface of the second set of side surfaces being directly connected to the bottom surface, each side surface of the second set of side surfaces being perpendicular to the top surface, wherein the second set of side surfaces is disposed around all sides of a perimeter of the bottom surface, each side surface of the second set

14

of side surfaces being directly connected to a corresponding side surface of the first set of side

surfaces to form chamfered edges."







30.     Accordingly, at least for the reasons stated above, Dongjian does not infringe at least claim 1 of the '674 Patent, either literally or under the doctrine of equivalents, because the Delisted Dongjian Products, including the Exemplary Product, do not practice all elements of that claim.

31.     Because each claim of the '674 Patent incorporates every limitation of claim 1 (and, in the case of the dependent claims, additional limitations beyond those of claim 1), the Delisted Dongjian Products, including the Exemplary Product, likewise do not infringe any other claim of the '674 Patent, either literally or under the doctrine of equivalents.

32.     Dongjian also does not indirectly infringe the '674 Patent for at least the reasons stated above and because there is no direct infringement of the '674 Patent, either literally or under the doctrine of equivalents.

16

33.     As set forth above, an actual controversy exists between Dongjian and FeltRight with respect to alleged infringement of the '674 Patent, and this controversy is likely to continue. Accordingly, Dongjian desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '674 Patent.

34.     A judicial declaration is necessary and appropriate so that Dongjian may ascertain its rights regarding the claims of the '674 Patent.

## COUNT II
### (Tortious Interference with Economic Relations)

35.     Dongjian incorporates by reference the preceding allegations of this Complaint.

36.     Dongjian had, and continues to have, an existing and ongoing economic relationship with Amazon.com, as well as a prospective economic relationship with consumers purchasing through Amazon's platform. This business relationship is governed by an agreement between Dongjian and Amazon. As part of this relationship, Dongjian listed the Dongjian Products for sale on Amazon's website through the ASINs identified above, including ASIN B0F52S62BD. Consumers in the United States purchased Dongjian Products via Amazon's website, including through the ASINs relevant to this dispute. Dongjian had reasonable business expectancies that this sales relationship with Amazon would continue, resulting in economic benefits to Dongjian through future sales.

37.     FeltRight knew of Dongjian's existing and ongoing business relationship with Amazon, as evidenced by FeltRight's targeted and repeated submissions of patent-infringement complaints to Amazon specifically identifying the Dongjian Products' ASINs.

38.     FeltRight intentionally interfered with Dongjian's economic relationship with Amazon.

39.     FeltRight accomplished this intentional interference through improper means. Specifically, FeltRight submitted to Amazon patent-infringement complaints constituting independently actionable misrepresentations of fact. In each such complaint, including those identified by the Amazon Complaint IDs set forth above, FeltRight falsely represented to Amazon that the Dongjian Products—including the Exemplary Product, ASIN B0F52S62BD—infringe the '674 Patent, when in fact the Dongjian Products do not practice each and every limitation of any claim of the '674 Patent, as set forth in Count I above.

40.     FeltRight's infringement allegations to Amazon were both objectively baseless and made in subjective bad faith. No reasonable patentee in FeltRight's position could have believed that the Dongjian Products infringe any claim of the '674 Patent, because the Dongjian Products do not practice each and every limitation of any claim of the '674 Patent, including without limitation the limitations of claim 1 identified in Count I above. FeltRight knew, or showed reckless disregard for, the falsity of its infringement allegations, including because FeltRight is the named assignee of the '674 Patent, controlled the prosecution and enforcement of the '674 Patent, and had actual knowledge of the limitations of claim 1 of the '674 Patent and of the structural and material characteristics of the Dongjian Products at the time it submitted each of the Amazon Complaint IDs identified above. FeltRight nonetheless submitted those infringement complaints with the deceitful intent to induce Amazon to delist a legitimate competitor's products from the Amazon Marketplace.

41.     As a direct and proximate result of FeltRight's improper means and false claims, Amazon delisted the Delisted Dongjian Products from Amazon's sales website.

42.     FeltRight's wrongful conduct was a substantial factor in causing the economic harm that Dongjian petitions the Court to address.

43.     Delisting the Delisted Dongjian Products from Amazon's marketplace caused Dongjian to lose sales in an amount to be proven at trial.

44.     Delisting the Delisted Dongjian Products from Amazon's marketplace also caused Dongjian to lose significant good will, reputation, reviews, ratings, and rankings built up over years of sales using the delisted ASINs.

45.     FeltRight's wrongful conduct caused Dongjian to lose significant time and resources rebuilding its good will, reputation, reviews, ratings, and rankings through entirely new ASINs on Amazon's marketplace.

## COUNT III
### (Unfair Competition Under Utah Common Law)

46.     Dongjian incorporates by reference the preceding allegations of this Complaint.

47.     FeltRight engaged in unfair and fraudulent business practices under Utah common law by submitting knowingly false and objectively baseless patent-infringement complaints to Amazon for the purpose of disrupting Dongjian's lawful commercial operations. FeltRight's patent-infringement complaints to Amazon were both objectively baseless and made in subjective bad faith. Dongjian's claim under this Count is therefore not preempted by federal patent law.

48.     FeltRight's deceptive communications to Amazon were intended to, and did, unfairly restrict competition in the marketplace by artificially removing the Dongjian Products, which do not infringe the '674 Patent as alleged in Count I, from the primary channel of consumer commerce.

49.     As a direct and proximate result of FeltRight's fraudulent and unfair business practices, Dongjian lost sales in an amount to be proven at trial.

19

50.　　FeltRight's fraudulent and unfair business practices caused Dongjian to lose significant good will, reputation, reviews, ratings, and rankings built up over years of sales using the delisted ASINs on Amazon's marketplace, and required Dongjian to expend significant time and resources to rebuild the same through entirely new ASINs.

**PRAYER FOR RELIEF**

WHEREFORE, Dongjian respectfully requests that this Court enter judgment in its favor and against FeltRight as follows:

A.　　A judgment and declaration that Dongjian has not infringed and does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any claim of the '674 Patent by virtue of the making, use, sale, offer for sale in, or importation into the United States of the Delisted Dongjian Products;

B.　　A judgment and declaration that Dongjian does not directly infringe any claim of the '674 Patent under 35 U.S.C. § 271(a), and does not indirectly infringe any claim of the '674 Patent under 35 U.S.C. §§ 271(b) or (c);

C.　　A preliminary and permanent injunction restraining FeltRight, its officers, directors, employees, agents, attorneys, successors, assigns, and all persons in active concert or participation with them, from asserting or threatening to assert the '674 Patent against Dongjian or against Dongjian's customers, resellers, distributors, or end users with respect to the Delisted Dongjian Products, including but not limited to through further correspondence or filings with Amazon.com or any other online marketplace asserting infringement;

D.　　A finding that this case is exceptional under 35 U.S.C. § 285 and an award to Dongjian of its reasonable attorneys' fees;

E. An award to Dongjian of its costs of suit;

F. An award to Dongjian of pre-judgment and post-judgment interest on all sums awarded;

G. For damages and restitution adequate to compensate Dongjian's lost sales resulting from FeltRight's delisting of the Dongjian Products in an amount to be determined at trial;

H. For damages adequate to compensate Dongjian's additional losses arising from lost inventory storage and expenses arising from removing inventory resulting from FeltRight's delisting of the Dongjian Products in an amount to be determined at trial;

I. For damages arising from Dongjian's lost good will, reputation, reviews, ratings, and rankings built up over years of sales using the delisted ASINs on Amazon's marketplace in an amount to be determined at trial;

J. For damages arising from Dongjian's lost time and resources rebuilding its good will, reputation, reviews, ratings, and rankings through entirely new ASINs on Amazon's marketplace in an amount to be determined at trial;

K. For restitution and disgorgement of any benefits obtained by FeltRight as a result of its unfair competition; and

L. Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and DUCivR 38-1, Dongjian hereby demands a trial by jury of all issues so triable.

21

Dated: May 22, 2026

Respectfully submitted,


/s/ Bryan Banks
Bryan Banks
Utah Bar No. 15992
BBanks@perkinscoie.com
PERKINS COIE LLP
2525 E Camelback Road, Suite 500
Phoenix, AZ 85016-4227
United States

Telephone: 602.351.8000
Facsimile: 602.648.7000


John D. Esterhay
CA Bar No. 282330 (pro hac vice forthcoming)
JEsterhay@perkinscoie.com
Wei Yuan
CA Bar No. 315388 (pro hac vice forthcoming)
WYuan@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, California 92130-2080
Telephone: 858.720.5700
Facsimile: 858.720.5799


*Attorneys for Plaintiff*
*Shenzhen Dongjian Fangzhou Technology Co., Ltd.*

22